# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

VERYL JEFFERSON,

    Plaintiff,

vs.

3'S LOUNGE & PACKAGE INC.;
RICHARD WALKER; and
DOES 1-5,

    Defendants.

8:16CV38

ORDER

This matter is before the court after a review of the court file and pursuant to NECivR 41.2, which states in pertinent part: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Federal Rule of Civil Procedure 4(m) establishes a 90-day time limit for service of process on any defendant in a civil case, absent a showing of good cause. Specifically, the rule mandates:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In this case the complaint was filed on January 23, 2016. **See** Filing No. 1. On the same date, the plaintiff applied to proceed without prepayment of filing fees. **See** Filing No. 2. The court granted the plaintiff's motion on January 26, 2016. **See** Filing No. 4. On March 4, 2016, the plaintiff sought summons for the defendant 3's Lounge and Package Inc., which summons was issued. **See** Filing Nos. 5. The plaintiff filed proof of service for the defendant 3's Lounge and Package Inc. on March 20, 2016. **See** Filing No. 6. On April 20, 2016, the Clerk of Court entered default as to the defendant 3's Lounge and Package Inc. **See** Filing No. 9. The plaintiff has taken no further action against any of the defendants. None of the defendants have made an appearance.

It remains the plaintiff's duty to go forward in prosecuting the case. In this case, the time elapsed for service prior to the plaintiff seeking summons as to the defendant Richard Walker. The plaintiff failed to seek an extension of the deadline to complete service or provide an explanation for the delay. Under the circumstances, the plaintiff must make a showing of good cause for the failure of timely service or the action must be dismissed against the defendant Richard Walker. Additionally, now the plaintiff has obtained a Clerk's entry of default as to the defendant 3's Lounge and Package Inc. This defendant failed to enter an appearance or seek the clerk's entry of default be set aside. The plaintiff failed to take any additional action against this defendant. The plaintiff may, for example, file a motion for entry of judgment against the defaulted defendant, pursuant to Fed. R. Civ. P. 55(b) and NECivR 55.1(b) or (c). Alternatively, the plaintiff may voluntarily dismiss the action against the defendants pursuant to Fed. R. Civ. P. 41(a) or be subject to involuntary dismissal pursuant to Fed. R. Civ. P. 41(b). Upon consideration,

**IT IS ORDERED:**

The plaintiff has until the close of business on **May 31, 2016**, to (1) file with the Clerk of Court evidence of service for Richard Walker and (2) take appropriate action against 3's Lounge and Package Inc.; or show cause why this case should not be dismissed as against the defendants.

Dated this 16th day of May, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge