# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERYL JEFFERSON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>3'S LOUNGE & PACKAGE INC.;<br>RICHARD WALKER; and<br>DOES 1-5,<br><br>　　　　　Defendants. | 8:16CV38<br><br>ORDER |

This matter is before the court on the defendant 3's Lounge & Package Inc.'s Motion to Set Aside Default Judgment and Leave to File Responsive Pleading (Filing No. 14). 3's Lounge & Package Inc. filed a brief (Filing No. 15) in support of the motion. The court construes the moving defendant's motion as one to set aside the clerk's entry of default. On April 20, 2016, the Clerk of Court ordered default against 3's Lounge & Package Inc. based on its failure to plead or otherwise defendant this action. **See** Filing No. 9. The plaintiff did not seek, nor did the court enter, judgment against this defendant.

The plaintiff filed the complaint on January 23, 2016. **See** Filing No. 1. On March 4, 2016, the plaintiff sought summons only for the defendant 3's Lounge and Package Inc., which summons the Clerk of Court issued. **See** Filing Nos. 5. The plaintiff filed proof of service for the defendant 3's Lounge and Package Inc. on March 20, 2016. **See** Filing No. 6. On April 20, 2016, the Clerk of Court entered default as to the defendant 3's Lounge and Package Inc. **See** Filing No. 9. On May 16, 2016, the court entered an order requiring the plaintiff to show cause why the case should not be dismissed against all defendants for failure to prosecute. **See** Filing No. 11. On May 31, 2016, 3's Lounge & Package Inc. filed the instant motion for relief from the entry of default. **See** Filing No. 14. This defendant argues the court should set aside the default because: 1) this defendant is not blameworthy or culpable for failing to file a response to the Complaint, 2) a meritorious defense exists, and 3) the plaintiff would not be prejudiced by setting aside the entry of default. **See** Filing No. 15 - Brief p. 1.

## ANALYSIS

An entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Rule 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. **Johnson v. Dayton Elec. Mfg. Co.**, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. After all, the judicial preference is to adjudicate claims on the merits. **Oberstar v. F.D.I.C.**, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." **Johnson**, 140 F.3d at 783; **see also *C-B Kenworth, Inc. v. General Motors Corp.***, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer"). Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. **See** Fed. R. Civ. P. 6(b), 55(c).

Under the circumstances, the court will construe 3's Lounge & Package Inc.'s motion as a motion to set aside entry of default. The delay caused by this defendant's failure to file a timely answer will not affect the progression of this matter as another defendant has not yet filed an answer either. Additionally, this defendant promptly reacted to the entry of default and diligently attempted to rectify of the matter. Counsel for the defendant states the defendant only recently retained counsel, in just over one month from clerk's entry of default. **See** Filing No. 15 - Brief p. 1. This defendant argues the delay in obtaining counsel does not amount to a willful flaunting of the deadline. The court finds no prejudice to the plaintiff by virtue of the untimely answer. The plaintiff failed to seek default judgment be entered against this defendant or to prove service of process on the other named defendant. Finally, the moving defendant

presents a defense, which may prove meritorious. Accordingly, the court finds the matter should be decided on the merits of the parties' positions. Based on the facts before the court, good cause exists to grant the motion to set aside the clerk's entry of default. Upon consideration,

**IT IS ORDERED:**

1. The defendant 3's Lounge & Package Inc.'s Motion to Set Aside Default Judgment and Leave to File Responsive Pleading (Filing No. 14) is granted.

2. 3's Lounge & Package Inc. shall have until **June 17, 2016**, to file an answer or otherwise respond to the plaintiff's Complaint (Filing No. 1).

3. The Clerk of Court shall modify the docket to show that the entry of default is hereby set aside.

Dated this 3rd day of June, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge